IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO TELLES,

      Petitioner,                    No. 2:00-cv-1574 JAM JFM (HC)

   vs.

ARTHUR CALDERON,

      Respondent.                ORDER

_____/

      Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 14, 2005, judgment was entered in this court denying the petition. On July 15, 2011, petitioner filed a notice of appeal. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

      A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R .App. P. 22(b).

1

1       The timely filing of a notice of appeal is a jurisdictional requirement. <u>Scott v. Younger</u>, 739 F.2d 1464, 1466 (9th Cir. 1984). Here, the time limit for filing a notice of appeal following entry of judgment is thirty days. <u>See</u> Fed. R. App. P. 4(a). Petitioner's notice of appeal in this action was filed more than six years after entry of judgment. While petitioner asserts in his notice of appeal that he can show good cause for the extraordinary delay, he has not tendered any evidence to support this assertion. Moreover, the instant notice of appeal was filed well past the 180 day period set by Fed. R. App. P. 4(a)(6) for reopening the time to file a notice of appeal.

      The United States Court of Appeals for the Ninth Circuit has held that the issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if jurisdiction is not proper in that court. <u>Hayward v. Britt</u>, 572 F.2d 1324, 1325 (9th Cir. 1978). The rationale of <u>Hayward</u> applies with equal force to a certificate of appealability. For these reasons, the court declines to issue a certificate of appealability.

      IT IS SO ORDERED.

DATED: July 19, 2011

                                        /s/ John A. Mendez
                                        UNITED STATES DISTRICT JUDGE